UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOHN FULLER,

                                         Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE JOSEPH
TESTA, Shield # 3956, UNDERCOVER OFFICER #
5732, UNDERCOVER OFFICER # 5566,
UNDERCOVER OFFICER # 1599,

                                         Defendants.

------------------------------------------------------------------------ x

**ECF CASE**

**COMPLAINT**

07 CV 11462 (PKC)

Jury Trial Demanded

## PRELIMINARY STATEMENT

1. This is a civil rights action, brought pursuant to 42 U.S.C. § 1983, alleging misconduct by the City of New York and officers employed by the New York City Police Department ("NYPD"). Plaintiff alleges that, beginning April 13, 2006, NYPD officers subjected him to false arrest, false imprisonment, an illegal strip search, excessive force, fabrication of evidence, and malicious prosecution in violation of the Fourth, Sixth and Fourteenth Amendments to the Constitution. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York.  Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiff's constitutional rights occurred in Manhattan at NYPD Headquarters located at One Police Plaza and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

**PARTIES**

4.      Plaintiff is a resident of the State of New York.

5.      The City of New York is a municipal corporation organized under the laws of the State of New York.

6.      Detective Joseph Testa is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on April 13, 2006.  Testa is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers.  Testa is sued in his individual capacity.

7.      Undercover Officer # 5732 is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on April 13, 2006.  Undercover Officer # 5732 is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers.  Undercover Officer # 5732 is sued in his individual capacity.

8.      Undercover Officer # 5566 is a member of the NYPD who was involved in the fabrication of evidence against plaintiff and the malicious prosecution of plaintiff.  Undercover Officer # 5566 is liable for directly participating in the acts described herein and for

failing to intervene to protect plaintiff from the illegal conduct of his fellow officers. Undercover Officer # 5566 is sued in his individual capacity.

9. Undercover Officer # 1599 is a member of the NYPD who was involved in the fabrication of evidence against plaintiff and the malicious prosecution of plaintiff. Undercover Officer # 1599 is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers. Undercover Officer # 1599 is sued in his individual capacity.

## STATEMENT OF FACTS

10. On April 13, 2006, plaintiff walked out of his relatives' apartment building located at 97 Stagg Walk, Brooklyn, New York. Plaintiff intended to go to a nearby HSBC Bank to deposit rent money in an account.

11. On April 13, 2006, plaintiff did not engage in any illegal activity.

12. When plaintiff was in the walkway of 97 Stagg Walk, Detective Joseph Testa and several other members of a narcotics field team arrested plaintiff without probable cause.

13. In the course of taking plaintiff into custody, Detective Testa unlawfully handcuffed plaintiff in an excessively tight manner causing plaintiff pain and causing marks to appear on plaintiff's wrists.

14. Detective Testa ignored plaintiff's requests to loosen the cuffs.

15. On or about the time of plaintiff's arrest, Undercover Officer # 5732 fabricated a story that plaintiff had been a participant in illegal drug transactions that took place on January 26, 2006 and March 23, 2006 at 97 Stagg Walk, and on April 13, 2006 at the corner of Manhattan Avenue and Scholes Street.

16. Detective Joseph Testa and Undercover Officer # 5732 knew that plaintiff was not involved in the aforesaid drug transactions.

17. Nevertheless, in their zeal to make an arrest, the two officers, acting in concert, had plaintiff charged with having sold and possessed illegal drugs on the three occasions cited above.

18. Under the supervision and/or acquiescence of Detective Testa, the handcuffed plaintiff was subsequently thrown into the back of a police van causing him to land forcefully on the hard floor of the vehicle. This unnecessary and gratuitous use of force caused plaintiff pain and injury.

19. After plaintiff was thrown into the van, officers drove around Brooklyn for several hours while the handcuffed plaintiff was in the back.

20. Eventually, plaintiff was taken to the 90th Precinct for arrest processing.

21. At the 90th Precinct, an unidentified officer illegally strip searched plaintiff in front of other detainees and ordered the humiliated plaintiff to bend over, squat and cough.

22. Detective Testa knew that plaintiff was going to be illegally strip searched, but he failed to intercede.

23. Plaintiff was later taken to Brooklyn Central Booking to await arraignment.

24. While plaintiff was in Central Booking, Detective Testa and Undercover Officer # 5732, with malice, conspired to have plaintiff formally charged with three counts of selling and possessing drugs.

25. In furtherance of this goal, Detective Testa misrepresented to prosecutors that plaintiff had sold and possessed drugs on January 26, 2006 and March 23, 2006 at 97 Stagg Walk, and on April 13, 2006 at the corner of Manhattan Avenue and Scholes Street.

26. In the evening of April 14, 2006, plaintiff was arraigned in Criminal Court, Kings County on three felony charges of criminal possession and sale of a controlled substance.

27. The presiding judge released plaintiff on his own recognizance.

28. Subsequent to plaintiff's arraignment, Detective Testa and Undercover Officer # 5732 intentionally misrepresented to a Grand Jury that plaintiff had sold and possessed drugs on January 26, 2006 and March 23, 2006 at 97 Stagg Walk, and on April 13, 2006 at the corner of Manhattan Avenue and Scholes Street.

29. The officers' false testimony caused the Grand Jury to indict plaintiff.

30. Plaintiff appeared in court on numerous occasions subsequent to his arraignment and indictment.

31. In October, 2007, plaintiff went to trial. During the trial, Detective Testa, Undercover Officer # 5732, Undercover Officer # 5566 and Undercover Officer # 1599, with malice, testified falsely that plaintiff had sold and possessed drugs on January 26, 2006 and March 23, 2006 at 97 Stagg Walk, and on April 13, 2006 at the corner of Manhattan Avenue and Scholes Street.

32. On October 25, 2007, plaintiff was found not guilty of all charges.

33. As a result of defendants' actions, plaintiff was incarcerated from April 13, 2006 to April 14, 2006, and was deprived of his liberty from April 13, 2006 to October 25,

2007. Moreover, plaintiff suffered pain, injuries to his wrists and body, emotional distress, mental anguish, fear, embarrassment, humiliation, anxiety and a loss of approximately $1,300.

**PLAINTIFF'S FEDERAL CLAIMS AGAINST DETECTIVE JOSEPH TESTA, UNDERCOVER OFFICER # 5732, UNDERCOVER OFFICER # 5566 & UNDERCOVER OFFICER # 1599**

34. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-33 as if fully set forth herein.

35. The conduct of Detective Joseph Testa, Undercover Officer # 5732, Undercover Officer # 5566 and Undercover Officer # 1599, as described herein, amounted to false arrest, false imprisonment, excessive force, an illegal strip search, fabrication of evidence, and malicious prosecution in violation of the Fourth, Sixth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

**PLAINTIFF'S FEDERAL CLAIMS AGAINST THE CITY OF NEW YORK**

36. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-35 as if fully set forth herein.

37. The City of New York directly caused the constitutional violations perpetrated on plaintiff.

38. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that many police officers of the Brooklyn Narcotics Divisions, including the individual defendants, are unfit officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and

monitor the officers and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

39. The aforesaid conduct by the City of New York violated plaintiff's rights under the Fourth, Sixth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: December 20, 2007
Brooklyn, New York

> CARDINALE & MARINELLI
> 26 Court Street, Suite 1815
> Brooklyn, New York 11242
> (718) 624-9391
>
> By:
>
> s/
> _____
> RICHARD J. CARDINALE (RC-8507)