UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOHN FULLER,

                              Plaintiff,

                -against-

THE CITY OF NEW YORK, DETECTIVE JOSEPH
TESTA, Shield # 3956, UNDERCOVER OFFICER #
5732, UNDERCOVER OFFICER # 5566,
UNDERCOVER OFFICER # 1599,

                        Defendants.

------------------------------------------------------------------------ x

**ANSWER**

**07 CV 11462 (PKC)(HBP)**

JURY TRIAL DEMANDED

        Defendants City of New York and "UC 5566,"[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:[2]

        1.   Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.   Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        3.   Deny the allegations set forth in paragraph "3" of the complaint.

        4.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

---

[1] Sued herein as "UNDERCOVER OFFICER # 5566."

[2] Upon information and belief, the individuals identified in the caption of the complaint as "DETECTIVE JOSEPH TESTA, Shield # 3956," "UNDERCOVER OFFICER # 5732" and "UNDERCOVER OFFICER # 1599" have not been served with process. Thus, they are not parties to this action.

5.   Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation and respectfully refer the Court to the New York City Charter and the Administrative Code.

6.   Deny the allegations set forth in paragraph "6" of the complaint, except admit that Joseph Testa is employed as a detective by the City of New York and that plaintiff purports to proceed as stated therein.

7.   Deny the allegations set forth in paragraph "7" of the complaint, except admit that "UC # 5732" is employed by the City of New York and that plaintiff purports to proceed as stated therein.

8.   Deny the allegations set forth in paragraph "8" of the complaint, except admit that "Undercover Officer # 5566" is employed by the City of New York and that plaintiff purports to proceed as stated therein.

9.   Deny the allegations set forth in paragraph "9" of the complaint, except admit that "Undercover Officer # 1599" is employed by the City of New York and that plaintiff purports to proceed as stated therein.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff was taken to the 90th Precinct following his arrest on April 13, 2006.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that plaintiff was taken to Brooklyn Central Booking.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

40. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

41. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

42. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and was not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

43. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

44. There was probable cause for the plaintiff's arrest, detention, and prosecution.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

45. Plaintiff may have failed to comply with the conditions precedent to suit.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

46. Defendant "UC 5566" has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

47. Plaintiff cannot obtain punitive damages as against the City of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

48. Venue is improperly laid in this district.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

49. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion.  Consequently, defendant City of New York is entitled to governmental immunity.

**WHEREFORE,** defendants City of New York and "UC 5566" request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              March 9, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              *Attorney for Defendants City of New York & "UC 5566"*
                              100 Church Street, Room 3-193
                              New York, New York 10007
                              (212) 788-1816

                              By:    _____/s/_____
                                     Gabriel P. Harvis (GH 2772)
                                     Assistant Corporation Counsel

TO:    Richard Cardinale (by ECF)
       Cardinale & Marinelli
       *Attorney for Plaintiff*
       26 Court Street
       Suite 1815
       Brooklyn, New York 11242

Index No. 07 CV 11462 (PKC)(HBP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN FULLER,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, DETECTIVE JOSEPH
TESTA, Shield # 3956, UNDERCOVER OFFICER #
5732, UNDERCOVER OFFICER # 5566,
UNDERCOVER OFFICER # 1599,

                                        Defendants.

## ANSWER

### MICHAEL A. CARDOZO
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street Rm 3-193*
*New York, New York  10007*

*Of Counsel: Gabriel P. Harvis*
*Tel:  (212) 788-1816*
*NYCLIS No. 2007041422*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................ , 2008 . . .*

*............................................................. Esq.*

*Attorney for ................................................*